It is difficult, from the terms of the will, to ascertain the precise intention of the testator, in respect to the devise and bequest to his daughter Caty Bloodgood. But I am unable to see how, in any view of the case, this granddaughter of the testator can have acquired any vested right or interest, either in the legacy of $40, or in the lands devised or the proceeds thereof. Nothing is given to her in terms; and, from the entire scope and terms of the will, I am entirely satisfied that she was only indirectly and incidentally the object of the testator's bounty. Both the bequest and the devise are directly to the testator's daughter Caty Bloodgood. The terms are, "unto Caty Blood good the sum of $40, to be paid at the times aforesaid" — which were, one-half in one year and a-half, and the other half in two years and a-half. It is then added, "and which I order my executors to dispose of as they shall see best for the heirs of said Caty Bloodgood." It is plain, from other parts of the instrument, that it was not designed by the testator that this sum should be invested for the children of Caty, as in the case of the children of his deceased daughter Hannah Myers. In regard to that bequest, the directions to invest until the children should come to the age of twenty-one, are explicit. The one in question was to be disposed of by the executors, when paid, in a manner most beneficial, in their judgment, to the heirs or children of Caty Bloodgood. The legal right and title were nevertheless in Mrs. Bloodgood, as it was given to her, and to no one else, but, to be disbursed by the executors, in such *Page 513 
manner as to secure the greatest benefit to her children. This might well be accomplished by paying it directly to Mrs. Bloodgood. An ample reason is seen for this precaution, in the evidence respecting the habits and mental condition of the husband of Caty. The object undoubtedly was to secure the fund from the possession and control of the husband, and not to give the title to it to the grandchild. And so in regard to the devise of the land; it is to his several daughters, naming them all, except Hannah Myers, whose share is given directly to her heirs. The lands in Verona were to be divided equally between the daughters, and those in the town of Columbia equally between them and Isaac Skinner. And the moneys arising from the sale were to be divided in the same way, and paid to his heirs aforesaid. The share belonging to the heirs of Hannah Myers was to be invested or placed at interest until they should arrive at lawful age. The moneys arising from the share of Mrs. Bloodgood, in case of sale, were not to be put at interest or paid over to her, or her heirs, but to be retained by the executors and by themapplied for the benefit of the heirs of "Caty Bloodgood, as they may think best." Certainly, under this will, no estate in the land vested in this granddaughter, but it vested in the daughter of the testator. And the title most clearly remained in her, and could be in no one else until she was divested, either by a sale and conveyance by herself, or a sale by the executors under the power conferred by the will. This power, I think, the executors could not be compelled to exercise. Unless, in their judgment, it was fit and proper that the lands should be sold, no duty to sell devolved upon them. They did not see fit to sell it, and the title to that portion of Mrs. Bloodgood's share, remaining unsold, is still in her. Her title to the other portion she conveyed herself, as she had the clear right to do, and received the proceeds. There having been no sale by the executor, of the lands devised under the will, he had no *Page 514 
funds in his hands from that source, for which he could be called to account. I am of the opinion, therefore, that the case was properly disposed of in the court below, and that the judgment should be affirmed.
SELDEN, J. The construction given to the will in this case, by the referee and the supreme court, was correct, and the judgment appealed from should be affirmed, for the reasons given by Mr. Justice BACON in that court.
All the judges concurring, judgment affirmed. *Page 515